**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Gonzalez,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Kristine Mills,<br><br>　　　　Defendant. | No. CV-11-08020-PCT-NVW<br><br>**ORDER** |

　　　　Before the Court is Defendant Kristine Mills' Motion to Dismiss. (Doc. 6.) Plaintiff has not responded, and the time to do so has elapsed. Although LRCiv 7.2(i) permits the Court to deem failure to respond to a motion as consent and to dispose of the motion summarily, the Court decides the Motion to Dismiss on the merits.

　　　　This case arises out of a dispute between two employees of the Veterans Administration Prescott Medical Center. Plaintiff filed an action against Defendant in Prescott Justice Court on January 31, 2011, seeking an injunction against harassment. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which allows removal of any action filed in state court against "[a]ny officer (or any person acting under that officer) of the United States or of any agency thereof, . . . for any act under color of such office." Removal is appropriate if the Defendant's conduct arose within the scope of his federal duties, and he raises a colorable federal defense. *Mesa v. California*, 489 U.S. 121, 139 (1989). Defendant's alleged conduct occurred in the

1  course of her employment, and she asserts a federal defense under 28 U.S.C. § 2679(b),
2  the doctrine of sovereign immunity, and the federal workplace remedial scheme, *see Saul*
3  *v. United States*, 928 F.2d 829 (9th Cir. 1991).  Therefore, removal under 28 U.S.C.
4  § 1442(a)(1) is proper.

5        Because jurisdiction under § 1442(a)(1) is derivative, the Court may not exercise
6  jurisdiction over the removed action unless the state court initially had jurisdiction, even
7  if the action could have originally been filed in federal court.  *In re Elko County Grand*
8  *Jury*, 109 F.3d 554, 555 (9th Cir. 1997).  Plaintiff sought an injunction in state court
9  against a federal employee for harassment, a common law tort.  An action under the
10  Federal Tort Claims Act, 28 U.S.C. § 1346(b), provides the exclusive remedy for non-
11  constitutional torts based on negligent or wrongful act or omission of any employee of the
12  government while acting within the scope of her office or employment.  28 U.S.C.
13  § 2679(b)(1).  Therefore, the state court action was preempted by federal law.  Because
14  the state court lacked jurisdiction, this Court lacks derivative jurisdiction under 28 U.S.C.
15  § 1442(a)(1), and the case must be dismissed for lack of subject matter jurisdiction.

16        IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 6) is
17  granted.  The Clerk shall terminate this case.

18        DATED this 11th day of April, 2011.

_____
Neil V. Wake
United States District Judge